a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTE TOYRON MCFARLAND #18900-112, Plaintiff | CIVIL DOCKET NO. 1:22-CV-06068 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN GARRETT, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Donte Toyron McFarland ("McFarland"). ECF No. 1. McFarland is incarcerated that the Federal Correctional Institution in Pollock, Louisiana. He challenges his conviction and sentence under *United States v. Taylor*, 142 S.Ct. 2015 (2022).

To determine whether McFarland is entitled to relief, the Petition should be SERVED.

I.  Background

A federal grand jury indicted McFarland and his co-defendants, charging McFarland with five counts: (1) conspiring to commit armed bank robbery; (2) armed bank robbery; (3) using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)) in connection with the armed bank robbery; (4) attempted armed bank robbery; and (5) using and carrying a firearm during a crime of violence (18

1

U.S.C. § 924(c)) in connection with the attempted armed bank robbery. *McFarland v. United States*, 00-CR-1025, 2017 WL 810267, at *1 (C.D. Cal. 2017).

McFarland pleaded guilty to count four—attempted armed bank robbery—and count five—using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c) in connection with the attempted armed bank robbery. *Id.* After a three day trial, a jury found McFarland guilty of the remaining counts.

McFarland was sentenced to 494 months of imprisonment under the Sentencing Guidelines, which were mandatory at the time. The sentence included 60 months on Count 1 (conspiracy); 110 months on Counts 2 and 4 (bank robberies), with Counts 1, 2, and 4 to run concurrently to each other; and a mandatory 84 months on Count 3 (one of the Section 924(c) counts) and a mandatory consecutive 300 months on Count 5 (the other Section 924(c) count).

The United States Court of Appeal for the Ninth Circuit affirmed McFarland's conviction and sentence. *United States v. Wilson*, 86 F. App'x 232 (9th Cir. 2003). The United States Supreme Court denied McFarland's Petition for a Writ of Certiorari. *McFarland v. United States*, 541 U.S. 950 (2004). McFarland's first motion to vacate under 28 U.S.C. § 2255 was denied. *McFarland*, 2017 WL 810267, at *2.

The Ninth Circuit granted authorization to file a second § 2255 motion following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). McFarland argued that his convictions and sentences under § 924(c) should be set aside or vacated because, under *Johnson*, neither his conviction for attempted

2

armed bank robbery nor for armed bank robbery is a "crime of violence." *McFarland* 00-CR-1025, 2017 WL 810267, at *2. The motion was denied because armed bank robbery and attempted armed bank robbery remained crimes of violence under the force clause, § 924(c)(3)(A). *Id.*

McFarland now seeks relief under § 2241 pursuant to *Taylor,* which held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c).

II. <u>Law and Analysis</u>

McFarland previously filed two § 2255 motions in the sentencing court. A prisoner may not bring a second or successive § 2255 motion unless the court of appeals certifies that it is based on either: (1) newly discovered evidence sufficient to cast in doubt the petitioner's guilt; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). Numerous appellate and district courts—including those where McFarland was convicted—have determined that *Taylor* does not satisfy § 2255(h) because it is not a new rule of constitutional law. *See In re Williams*, 22-13997, 2022 WL 18912836, at *2 (11th Cir. 2022); *In re Marcus Fulbright*, Case 22-10698 (5th Cir. 8/9/22) (unpublished); *Fulbright v. United States*, 3:14-CR-215, 2023 WL 159780 (N.D. Tex. 2023); *Bain v. Warden, USP Beaumont,* 1:23-CV-30, 2023 WL 2918747 (E.D. Tex. 2023); *Wilson v. Warden, FCI-Herlong*, 2:21-CV-0793, 2023 WL 2746101 (E.D. Cal. 2023); *Robinson v. Warden, FCI Mendota*, 2023 WL 373378 (E.D. Cal. 2023), *report and recommendation*

3

*adopted*, 2023 WL 2466045; *Smith v. Martinez*, 5:22-CV-01470, 2023 WL 2529757, at *8 (C.D. Cal. 2023), *report and recommendation adopted*, 2023 WL 2529537; *Whitaker v. Hudson*, 2022 WL 17822515 (D. Kan. 2022).

However, McFarland can proceed under § 2241 through the savings clause of § 2255(e) if he can establish that the § 2255 remedy is inadequate or ineffective to test the legality of his conviction. To make that showing, a prisoner must demonstrate: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003); (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).

To determine whether McFarland can proceed under the savings clause of § 2255(e) and whether *Taylor* is retroactively applicable to his claim:

THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney for the Western District of Louisiana, the United States Attorney General, and the warden of the United States Penitentiary in Pollock, Louisiana.

IT IS ORDERED that Respondents file an answer to the petition within 60 days following the date of service. Respondents shall also file a memorandum of

4

law briefing the issues raised in the answer and citing applicable statutory and case law. Respondents should discuss whether McFarland can proceed under the savings clause of § 2255(e); whether *Taylor* is retroactively applicable to his claim; and whether the case may be affected by *Jones v. Hendrix,* which is pending in the United States Supreme Court.

IT IS FURTHER ORDERED that McFarland be given 30 days following the filing of Respondents' answer to respond to Respondents answer.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Friday, April 14, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE