a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTE TOYRON MCFARLAND #18900-112, Petitioner | CIVIL DOCKET NO. 1:22-CV-06068 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN GARRETT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 17) a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). Pro se Petitioner Donte Toyron McFarland ("McFarland") is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges his conviction and sentence under *United States v. Taylor*, 142 S.Ct. 2015 (2022).

Because the Court lacks jurisdiction over McFarland's claim, the Motion to Dismiss the Petition should be GRANTED.

I. Background

A federal grand jury indicted McFarland and his co-defendants, charging McFarland with five counts: (1) conspiring to commit armed bank robbery; (2) armed bank robbery; (3) using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)) in connection with the armed bank robbery; (4) attempted armed bank robbery; and (5) using and carrying a firearm during a crime of violence (18 U.S.C. §

1

924(c)) in connection with the attempted armed bank robbery. *McFarland v. United States*, 00-CR-1025, 2017 WL 810267, at *1 (C.D. Cal. 2017).

McFarland pleaded guilty to count four—attempted armed bank robbery—and count five—using and carrying a firearm during a crime of violence under 18 U.S.C. § 924(c) in connection with the attempted armed bank robbery. *Id.* After a three day trial, a jury found McFarland guilty of the remaining counts.

McFarland was sentenced to 494 months of imprisonment under the Sentencing Guidelines, which were mandatory at the time. The sentence included 60 months on Count 1 (conspiracy); 110 months on Counts 2 and 4 (bank robberies), with Counts 1, 2, and 4 to run concurrently to each other; and a mandatory 84 months on Count 3 (one of the Section 924(c) counts) and a mandatory consecutive 300 months on Count 5 (the other Section 924(c) count).

The United States Court of Appeal for the Ninth Circuit affirmed McFarland's conviction and sentence. *United States v. Wilson*, 86 F. App'x 232 (9th Cir. 2003). The United States Supreme Court denied McFarland's Petition for a Writ of Certiorari. *McFarland v. United States*, 541 U.S. 950 (2004). McFarland's first motion to vacate under 28 U.S.C. § 2255 was denied. *McFarland*, 2017 WL 810267, at *2.

The Ninth Circuit granted authorization to file a second § 2255 motion following the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). McFarland argued that his convictions and sentences under § 924(c) should be set aside or vacated because, under *Johnson*, neither his conviction for attempted

2

armed bank robbery nor for armed bank robbery is a "crime of violence." *McFarland* 00-CR-1025, 2017 WL 810267, at *2. The motion was denied because armed bank robbery and attempted armed bank robbery remained crimes of violence under the force clause, § 924(c)(3)(A). *Id.*

McFarland now seeks relief under § 2241 pursuant to *Taylor,* which held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c).

## II.  Law and Analysis

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under § 2255 is warranted for errors that occurred at trial or sentencing. Jurisdiction over a § 2255 motion lies in the sentencing court. *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001). In this case, that is the Central District of California.

Section 2241 is primarily used to attack the manner in which a sentence is executed. *See Lee*, 244 F.3d at 372. A petition filed under § 2241 that attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *See Jeffers v. Chandler*, 253 F.3d 827, 829 (5th Cir. 2001), *cert. den.*, 534 U.S. 1001 (2001). This Court lacks jurisdiction to consider McFarland's motion pursuant to § 2255.

Regardless, McFarland previously filed two § 2255 motions in the sentencing court. A prisoner may not bring a second or successive § 2255 motion unless the court of appeals certifies that it is based on either: (1) newly discovered evidence sufficient

3

to cast in doubt the petitioner's guilt; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255(h). Numerous appellate and district courts—including those where McFarland was convicted—have determined that *Taylor* does not satisfy § 2255(h) because it is not a new rule of constitutional law. *See In re Williams*, 22-13997, 2022 WL 18912836, at *2 (11th Cir. 2022); *In re Marcus Fulbright*, Case 22-10698 (5th Cir. 8/9/22) (unpublished); *Fulbright v. United States*, 3:14-CR-215, 2023 WL 159780 (N.D. Tex. 2023); *Bain v. Warden, USP Beaumont*, 1:23-CV-30, 2023 WL 2918747 (E.D. Tex. 2023); *Wilson v. Warden, FCI-Herlong*, 2:21-CV-0793, 2023 WL 2746101 (E.D. Cal. 2023); *Robinson v. Warden, FCI Mendota*, 2023 WL 373378 (E.D. Cal. 2023), *report and recommendation adopted*, 2023 WL 2466045; *Smith v. Martinez*, 5:22-CV-01470, 2023 WL 2529757, at *8 (C.D. Cal. 2023), *report and recommendation adopted*, 2023 WL 2529537; *Whitaker v. Hudson*, 2022 WL 17822515 (D. Kan. 2022).

In extremely limited circumstances, federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion pursuant to the "so-called 'savings clause' of § 2255(e)." *Hammoud v. Ma'at*, 49 F.4th 874, 879 (5th Cir. 2022), *cert. den.*, 143 S. Ct. 580 (2023) (quoting *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, in *Jones v. Hendrix*, 599 U.S. 465 (2023), the Supreme Court abrogated *Reyes-Requena v. United States,* 243 F.3d 893 (5th Cir. 2001), and similar saving clause tests from other circuits, holding that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to

4

circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones*, 599 U.S. at 471. Such recourse is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Arellano v. Withers*, 2023 WL 4311621, at *1 (5th Cir. 2023). A § 2255 motion is deemed adequate unless the § 2241 petitioner relies on (1) newly discovered evidence or (2) a new rule of constitutional law. *Jones*, 599 U.S. at 469.

McFarland does not rely on newly discovered evidence or a new rule of constitutional law—only statutory interpretation. Therefore, he cannot proceed under § 2241.

### III. Conclusion

Because McFarland cannot proceed under § 2241, IT IS RECOMMENDED that the Government's Motion to Dismiss (ECF No. 17) be GRANTED and the Petition (ECF No. 1) be DISMISSED for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 6, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE